IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO J. PAYTON JR.,

    Petitioner,

        v.

UNITED STATES OF AMERICA.,

    Respondent.

Civil Case No. 20-cv-1122-JPG
Crim. Case No. 99-cr-40034-JPG-001

## **MEMORANDUM AND ORDER**

       This matter comes before the Court on petitioner Antonio J. Payton's motion under 28 U.S.C. § 2255 (Doc. 1).   Payton seeks to vacate his sentence in light of the fact that a marihuana conviction that contributed to his criminal history has apparently been expunged as a result of Illinois's legalization of certain uses of marihuana.   While the Court is sympathetic to Payton's desire to bring this issue before the Court, the Court is simply unable to consider such a motion until the Seventh Circuit Court of Appeals authorizes it to entertain a successive § 2255 motion from Payton.

       As the Court has noted in prior orders, Payton has already filed a § 2255 a motion in *Payton v. United States*, No. 04-cv-4111, and has tried unsuccessfully to file another without the required authorization from the Court of Appeals to raise the expunged marihuana conviction issue in *Payton v. United States*, No. 20-cv-275.   He has also filed a motion construed as a successive petition in his criminal case, *United States v. Payton*, 99-cr-40099-JPG (Doc. 269).   In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).   *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).   The Court of Appeals has not made such a certification.   Therefore, the Court does not have jurisdiction to consider Payton's motion (Doc. 1), **DISMISSES** it for **lack of jurisdiction**, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court encourages Payton to consult 28 U.S.C. § 2255(h) for the circumstances in which the Court of Appeals can grant leave to file a successive petition.  If he thinks he falls within those limits, he should file a motion directly in the Court of Appeals for leave to file a successive § 2255 rather than repeatedly filing the same futile request in this court.  Until Payton receives the appropriate authorization from the Court of Appeals, this Court will continue to dismiss his successive § 2255 petitions.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that Payton has not made such a showing and, accordingly, declines to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   October 26, 2020**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**